**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EUGENE C. SMALLS,**

    **Plaintiff,**

v.                                                        **Case No. 8:07-cv-1463-T-23TBM**

**ACCREDITED HOME LENDERS,
INC., and DOES ENTITIES 1-1000,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on Plaintiff's Affidavit of Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis*. Plaintiff, who is proceeding *pro se*,[1] seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). The court must dismiss a case at any time if the court determines that (a) the allegation of poverty is untrue, or (b) the action is frivolous or malicious or fails to state a claim on which relief may be granted. Id. at (e)(2)(A), (B).

---

[1] The court should liberally construe *pro se* pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

Upon review of the Plaintiff's Affidavit of Indigency (Doc. 2), I find that the Plaintiff is not indigent and has sufficient monthly income to pay the required filing fee. Additionally, his "Complaint" is problematic.  While it appears that he *may* be able to state a cause of action suitable for prosecution in this court, the instant allegations are a jumble of disjointed factual claims and legal definitions or propositions leaving his cause of action indecipherable.[2] Section 1915 accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless."[3] Neitzke v. Williams, 490 U.S. 319, 327 (1989); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002).  In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citing Harris v. Menendez, 817 F.2d 737, 741 (11th Cir. 1987)), or the "plaintiff's realistic chances of ultimate success are slight."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990)).  Here, if the court was inclined to grant the Plaintiff *in forma pauperis* status, I still would recommend dismissing the Complaint without prejudice on the basis that the allegations fail to set forth a cognizable claim for relief or one with any chance of success.

Accordingly, it is RECOMMENDED that the court DENY Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and strike his Complaint (Doc. 1).  If Plaintiff wishes to

---

[2] As just one example, while preliminary allegations attempt to assert some type of statutory violation or a breach of contract claim, the specific allegations in each count suggest the claim sounds in negligence.  Furthermore, Plaintiff's purported claim against one to one-thousand John Does is entirely confusing and unsupported.

[3] A district court's authority to dismiss a complaint as frivolous under section 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure.  Sun, 939 F.2d at 925 (citing Menendez, 817 F.2d at 739-40).

prosecute a claim in this court, he should pay the applicable filing fee to the Clerk on a re-drafted complaint that satisfies the requirements of Fed. R. Civ. P. 8 and sets forth a viable cause of action.

        Respectfully submitted on this
        22nd day of August 2007.

        THOMAS B. McCOUN III
        UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable Steven D. Merryday, United States District Judge
Pro se Plaintiff