UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EUGENE C. SMALLS,

    Plaintiff,

v.                                      CASE NO: 8:07-cv-1463-T-23TBM

ACCREDITED HOME LENDERS, INC.,
et al.,

    Defendants.
_____/

## ORDER TO SHOW CAUSE

The pro se plaintiff files a notice entitled "Defendant's Failed Once Again to Send a Copy of their Amended Motion to Dismissed Plaintiff Second Amended Complaint" (Doc. 56). The notice states that, despite the certificate of service attesting the contrary (Doc. 54 at 7), the defendant Accredited Home Lenders, Inc. ("AHL") failed to serve the "Second Amended Motion to Dismiss" (Doc. 54)[1] on the plaintiff and that "this is not the first time Defendant have filed [a] document with the court claiming they had sent me copies but not having done so."[2] Additionally, the alleged omission "should, [the

---

[1] See Rule 5, Federal Rules of Civil Procedure ("Unless these rules provide otherwise, each of the following papers must be served on every party . . . a written motion, except one that may be heard ex parte . . . .").

[2] The plaintiff also files two September 19, 2008, letters to AHL. The first complains of AHL's omission to serve the second amended motion to dismiss, notifies AHL of the plaintiff's intent to file a motion to compel, and otherwise relates to discovery requests; the second appears to be a response to a request for production . The plaintiff is informed that "[d]iscovery materials are filed only in limited circumstances, including if ordered by the Court, if necessary to the presentation or defense of a motion, or if required by Rule 26(a)(3)" and that "[c]orrespondence exchanged during the court of litigation . . . between counsel for one party and an unrepresented party should be filed with the court only to comply with an order of the Court or when necessary to the presentation and consideration of a motion and only when the filing of traditional discovery material will clearly not

(continued...)

- 2 -

plaintiff] feel[s], result in the Court assessing some [kind] of sanction against them." On or before **September 30, 2008**, AHL shall file a written response to this order showing cause why this matter should not be referred to the magistrate judge for a hearing to determine whether sanctions should be imposed on AHL or AHL's counsel (or both) for the alleged non-compliance with Rule 5's service requirements.

    ORDERED in Tampa, Florida, on September 23, 2008.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

(...continued)
suffice for the purpose." Middle District Discovery (2001) at I.C.1, available at http://www.flmd.uscourts.gov/Forms/Civil/Discovery_Practice_Manual.pdf.